IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ANTONIO WELLINGTON RUFFIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-384 (MTT) |
| RODNEY McCLOUD, *et al.*, | ) ) ) |
| Defendants. | ) ) |

### ORDER

After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, United States Magistrate Judge Charles H. Weigle allowed the Plaintiff's due process and conditions of confinement claims against Deputy Warden William Powell to go forward. However, the Magistrate Judge recommends dismissing without prejudice the claims against Superintendent Rodney McCloud, Deputy Warden June Bishop, and Warden Chatman; any claim separate from the general conditions of confinement claims based on a denial of proper lighting or inadequate eye car in 2013; and the access to courts claim. (Doc. 8). The Plaintiff did not object to the Recommendation, but he did file a motion to amend his complaint attempting to remedy the deficiencies in his complaint. (Docs. 11; 12; 13). The Plaintiff's motion to amend is **GRANTED**, and the Court screens the additional allegations.

With respect to the due process claims against McCloud, Bishop, and Chatman, the Magistrate Judge recommends dismissing these claims because the Plaintiff's complaint "does not include any specific allegations against [them] or describe [their] role." (Doc. 8 at 4). The Plaintiff has now included specific and sufficient allegations as

to each of these Defendants in his amended complaint. (Docs. 12 at 7; 13 at 3). Accordingly, the due process claims against McCloud, Bishop, and Chatman will go forward for additional factual development. The Plaintiff has also sufficiently alleged conditions of confinement claims against McCloud, Bishop, and Chatman. Accordingly, these claims will also go forward, and these Defendants are required to answer or otherwise respond to the Plaintiff's claims.

The Plaintiff has also added additional Defendants in his amended complaint. He asserts due process and conditions of confinement claims against Unit Manager Rufus Logan, Chief of Security Dwayne Williams, and Facilities Operations Director Rick Jacobs. (Docs. 11-1 at 2; 12 at 7; 13 at 3). The Court concludes that the allegations against these Defendants as to both claims are sufficient to go forward and that these Defendants should be added to the lawsuit. Accordingly, Logan, Williams, and Jacobs are joined as Defendants and will answer or otherwise respond to the Plaintiff's claims.

With respect to the denial of access to courts claim, the Magistrate Judge recommends that the claim be dismissed without prejudice because, in part, the "Plaintiff does not implicate any named [D]efendant in the delay of his mail or access to legal materials." (Doc. 8 at 8). Plaintiff has not objected to this recommendation or alleged sufficient facts to remedy this defect in his amended complaint. Accordingly, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as to this claim.[1]

---

[1] Because the events underlying this access to courts claim occurred between December 3, 2014 and January 14, 2015, the relevant two-year statute of limitations will not bar the refiling of the Plaintiff's claim.

With respect to any claim separate from the conditions of confinement claim based on a denial of proper lighting or inadequate eye care in 2013, the Magistrate Judge recommends dismissing the claim without prejudice because "the facts do not show that any named [D]efendant had personal knowledge that Plaintiff suffered months without proper lighting or needed eyeglasses." (Doc. 8 at 7). The Plaintiff has not objected to this recommendation or alleged sufficient facts to remedy this defect in his amended complaint. Accordingly, dismissal without prejudice is appropriate. Although the two-year statute of limitations has likely run on these claims[2] and thus a dismissal would be with prejudice, the Plaintiff had his chance to amend but failed to sufficiently allege facts to state his claims. Therefore, dismissal even with prejudice is appropriate. *See Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002); *Bettencourt v. Owens*, 542 F. App'x 730, 735 (11th Cir. 2013); *see also Hughes v. Loft*, 350 F.3d 1157, 1163 (11th Cir. 2003).[3]

The Plaintiff's motion to amend also includes a request for the appointment of counsel. (Doc. 11-3 at 1). After careful consideration, the Court finds that appointment of counsel is unwarranted because the issues are neither factually nor legally complex.

---

[2] The Plaintiff alleges that the poor lighting was not remedied until September 11, 2013 and that he experienced a delay of adequate eye care from April 8, 2013 until June 21, 2013 when he received glasses. (Doc. 1 at 9). The Plaintiff filed his complaint on October 5, 2013.

[3] The Plaintiff's amended complaint also generally states that he "in the past has received inadequate medical care and dental care." (Doc. 12 at 4). To the extent his inadequate medical care regards the improper lighting and eye care, the Court has stated these claims should be dismissed. The Plaintiff makes no specific allegations as to the inadequate dental care claim. However, it is apparent this allegation is made in the context of the general conditions of confinement claim. Accordingly, the Court construes the allegation as part of his condition of confinement claim. If the Plaintiff intends to bring a separate inadequate dental care claim or a separate inadequate medical care claim different from the inadequate eye care claim against any or all Defendants, he may move to amend his complaint.

*See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("Appointment of counsel in a civil case is not a constitutional right.").

The Court has reviewed the Recommendation and accepts and adopts as modified by this order the findings, conclusions, and recommendations of the Magistrate Judge.  Accordingly, the Recommendation is **ADOPTED as modified** and made the order of this Court.  The denial of access to courts claim is **DISMISSED without prejudice**, and any claims separate from the conditions of confinement claim based on poor lighting and denial of adequate eye care in 2013 are **DISMISSED without prejudice**.  The due process and conditions of confinement claims against McCloud, Bishop, and Chatman will go forward.  Logan, Williams, and Jacobs are joined as Defendants, and the due process and conditions of confinement claims against them will go forward.  It is therefore **ORDERED** that service be made on Defendants McCloud, Bishop, Chatman, Logan, Williams, and Jacobs and that they file an answer or other appropriate response to the Plaintiff's complaint.[4]  Finally, the Plaintiff's request for appointed counsel is **DENIED**.[5]

---

[4] The Court notes that even though they have yet to be served, Chatman, McCloud, Bishop, Logan, Williams, and Jacobs, in addition to Powell, have already answered the Plaintiff's amended complaint. (Doc. 15).

[5] The Court notes that the Plaintiff also added in his amended complaint that in 2015, after "repeatedly" requesting "vitamins, boost, and ensure because of his continuing weight loss and red blood cells eating up the white blood cells," Dr. Burnside and Nurse Mary Gore denied his request, resulting in his "becoming anemic from being deprived of adequate nutrition." (Doc. 13 at 2).  However, he fails to connect this alleged deliberate indifference to medical care to any named Defendant.  In his list of Defendants, he has not named Dr. Burnside or Nurse Mary Gore.  Accordingly, the Court does not consider them named Defendants.  Therefore, any alleged denial of medical care based on this incident is **DISMISSED without prejudice** for failure to state a claim against the named Defendants.  Because the events occurred in 2015, the statute of limitations does not prevent the Plaintiff from refiling his claim.  The Court adds that part of his general conditions of confinement claim against the named Defendants includes the allegedly inadequate nutrition. (Doc. 8 at 5 n.2).

**SO ORDERED**, this 22nd day of July, 2016.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
